```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

IN RE:                              *

MUNICIPAL MORTGAGE &                *    MDL 08-MD-1961
EQUITY, LLC, SECURITIES AND
DERIVATIVE LITIGATION               *    ALL CLASS ACTIONS
                                           MJG-08-269
                                    *      MJG-08-292
                                           MJG-08-386
                                    *      MJG-08-476
                                           MJG-08-579
                                    *      MJG-08-2133
                                           MJG-08-2134
                                    *      MJG-08-2135
                                           MJG-08-2137
 *      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: DISCOVERY MOTION

The Court has before it the motion entitled Plaintiffs' Motion for Limited Discovery of Underwriter Defendants and to Provide Notice to SPO Puchasers (sic) [Document 134] and the materials submitted relating thereto. The Court has conferred with counsel regarding the matter and finds no need for a formal hearing.

I.   PERTINENT BACKGROUND[1]

This multi-district litigation includes (1) shareholder derivative actions that have, by agreement, been stayed and (2) class action securities claims.

---

[1] For a more extensive statement of the background of the litigation, see the Memorandum and Order Re: Motions To Dismiss [Document 123].

The claims pertinent to the instant motion are presented in Count Seven of the Consolidated Amended Class Action Complaint [Document 45] by Plaintiff Charles W. Dammeyer ("Dammeyer") against Defendant Municipal Mortgage & Equity, LLC ("MuniMae") and the Underwriter Defendants.[2]  In Count Seven, Dammeyer alleges that MuniMae and the Underwriter Defendants violated Section 12(a)(2) of the Securities Act because these Defendants allegedly were sellers, offerors, and/or solicitors of purchasers of the shares offered pursuant to an early 2005 Secondary Public Offering (the "SPO") registration statement and prospectus.[3]

In the Memorandum and Order Re: Motions to Dismiss [Document 123] Count Seven was dismissed because Dammeyer lacked standing, and also, as to the Underwriter Defendants, because Dammeyer failed adequately to plead that the Underwriter Defendants were "sellers" within the meaning of Section

---

[2]   Merrill Lynch, Pierce, Fenner & Smith, Inc. and RBC Capital Markets Corp. (collectively, the "Underwriter Defendants").
[3]   In Count Six, Plaintiff Dammeyer alleges that MuniMae, the Individual Defendants (excluding Defendant Lundquist), the Director Defendants, and the Underwriter Defendants violated Section 11 of the Securities Act by incorporating materially untrue and misleading statements into the SPO registration statement and prospectus.  In Count Eight, Plaintiff Dammeyer alleges that the Individual Defendants (excluding Defendant Lundquist) and the Director Defendants violated Section 15 of the Securities Act, by virtue of their ability to control MuniMae, which allegedly violated Section 11 of the Securities Act with respect to the SPO registration statement and prospectus.

12(a)(2).[4]

The instant motion was filed to enable the Movants to use discovery under the Federal Rules of Civil Procedure to obtain the names and addresses of SPO purchasers so that at least one of these purchasers who has the standing lacked by Dammeyer will become a plaintiff.

By the instant motion, the Movants seek leave:

> (i) to serve the Underwriter Defendants, Defendant Merrill Lynch Pierce Fenner & Smith, Inc. and Defendant RBC Capital Markets Corp., with a single document request seeking their lists of the names and last known addresses of the direct purchasers of Municipal Mortgage & Equity, LLC's ("MuniMae") common stock in MuniMae's SPO; (ii) to give individualized notice, in a form to be approved by the Court, within ten (10) days of receipt of that information to those direct purchasers, explaining that the Court has dismissed the claims asserted by this action, alerting them that the case will be dismissed and, if the Court of Appeal (sic) sustains this Court's Order, they will recover nothing unless one of them will serve as a lead plaintiff[5]

II. DISCUSSION

Rule 26(b) of the Federal Rules of Civil Procedure provides for a broad, but not unlimited, scope of discovery.  The Rule states in material part:

---

[4]   Count Six was dismissed as barred by the Statute of Repose and Count Eight was dismissed for failure to plead a primary violation.

[5]   Pls.' Motion [Document 134] at 1.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . .

Movants, who are Plaintiff William D. Felix ("Felix"), Dammeyer, and the attorneys presenting the motion,[6] seek to use discovery under the Federal Rules of Civil Procedure to find a plaintiff who would have standing to present claims relating to the SPO.  None of the Movants are entitled to the requested discovery.

Plaintiff Felix presents no claim at all in Count Seven and no claim in any Count as to which the identity of SPO purchasers would be relevant.

It is doubtful that Plaintiff Dammeyer could be considered a party after dismissal of all Counts in which he asserts claims, i.e. Counts One and Two presented by "all Plaintiffs" and Counts Six, Seven, and Eight presented only by Dammeyer. Nevertheless, even if Dammeyer were still considered a party, there is no showing that the discovery would be relevant to any claim by Dammeyer.  The Court has held Dammeyer lacks standing to assert claims under Section 12(a)(2) of the Securities Act and thus he cannot be a viable class representative for a putative class (or subclass) of SPO purchasers.[7]  Hence, he may

---

[6] Pls.' Reply [Document 139] at 1, n.1.
[7] Dammeyer intends to appeal this holding.

4

not act for, or on behalf of, that putative class or subclass.

Counsel, of course, assert no Count Seven claim on their own behalf. If they contend that they are entitled to use the Federal Rules of Civil Procedure in order to identify persons whom they can then solicit to become clients, that contention would be rejected.

Holding that the Movants may not utilize discovery pursuant to Rule 26(b)[8], the Court finds it unnecessary to address the additional grounds presented for denying the motion. These include the effect of the PSLRA stay (15 U.S.C §77z-1(b)) and the futility of adding a new plaintiff by virtue of the Statute of Repose.

III. CONCLUSION

For the foregoing reasons:

    1.    Plaintiffs' Motion for Limited Discovery of Underwriter Defendants and to Provide Notice to SPO Puchasers (sic) is DENIED.

---

[8]  See Reed v. Bowen, 849 F.2d 1307, 1313-14 (10th Cir. 1988) ("No court has held, in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a suit which has no party plaintiff.") (emphasis in original); Falcon v. Phillips Elec. N. Am. Corp., 304 F. App'x 896, 898 (2d Cir. 2008); Douglas v. Talk Am., Inc., 266 F.R.D. 464 (C.D. Cal. 2010); Hauff v. Petterson, 2009 WL 4782732, at *10-11 (D.N.M. Dec. 11, 2009); Bradbury v. T-Mobile USA, Inc., 2009 WL 3388163, at *1 (N.D.Cal. Oct. 20, 2009).

    2.    The Court shall enter Judgment pursuant to Rule 54(b) so that Plaintiffs may pursue their appellate rights.

SO ORDERED, this <u>Wednesday, November 07, 2012</u>.

                                          /s/
                                  Marvin J. Garbis
                      United States District Judge